STEVEN H. NABER, Plaintiff,

v.

GOVERNMENT OF AMERICAN SAMOA, et. al., Defendants.

High Court of American Samoa
Trial Division

CA No. 18-83

June 30, 1983

MURPHY, Associate Justice.

This matter came on regularly for hearing pursuant to cross motions for summary judgment. Plaintiff taxpayer claims, over the goverment's objection, that he is entitled to income average. The case turns upon whether or not one must be a resident of American Samoa during the entire base period.

Party Defendant Fa'alata Liaiga, the manager of the tax division, appeared at the hearing with counsel on behalf of the government. He explained that it was the intent of the goverment to allow income averaging on American Samoan tax returns only where the taxpayer has resided and earned income in American Samoa during the base period. The taxing scheme enacted by the Fono incorporates the 1954 U.S. tax code (ASCA section 11.0403) and provides a substitution of "American Samoa" for "United States" (ASCA section 11.0401).

The problem in this case derives from the substitution into 11954 IRC section 1303 and the regulations thereunder. Section 1303 (with the substitution) provides as follows:

Sec. 1303 Eligible Individuals.
(a) General Rule – Except as otherwise provided in this section, for purposes of this part the term "eligible individual" means any individual who is a citizen or resident of <u>American Samoa</u> throughout the computation year.
(b) Non-resident aliens – for purposes of this part, an individual shall not be an eligible individual for the computation year if, at any time during such year or the base period such individual was a non-resident alien.

Under the applicable regulations (with the substitution), non-resident alien is defined as a person who is neither a resident nor a "citizen" of American Samoa. An amorphous section of ASCA defines "citizen of American Samoa" as a citizen of American Samoa who is not a citizen of the United States (ASCA section 11.0527).

It is easy to see that this construction of the code is not valid. First, the term "citizen of American Samoa" cannot find sanction in the Court because its meaning is unclear and because American Samoa is not a sovereign nation. Second, and more importantly, the code as constituted treats similarly situated persons unequally without a rational basis

109

therefore. For example, assume that twins are born and reside most of their lives in American Samoa. Both go to the States where they engage in a partnership that loses money in each of five succeeding years. One of the twins becomes a U.S. citizen during that time. They return to American Samoa, engage in business, and make immediate and substantial profits. The twin who has not become a U.S. citizen and is therefore still a "citizen of American Samoa" may income average on his Samoan tax return while the sibling may not. It is common knowledge that American Samoans may, and many do, apply for and receive United States citizenship, notwithstanding that the present tax structure appers to "abridge the privileges and immunities of citizens of the United States." U.S. Const. Amend. XIV. The situation is similar, even without the force and effect of ASCA section 11.0527, as between two U.S. citizens, one of whom is an American Samoan and one whom is not.

The similarly situated hypothetical taxpayers may not be treated differently for being American Samoans, United States citizens, or both. This was settled in Quaker City Cab Co. v. Commonwealth of Pennsylvania, 277 U.S. 389 (1928). In Quaker City Cab, the Court held that the equal protection clause of the 14th Amendment prohibited differing·tax treatment soley on the basis of status (there, between corporations and individuals).

Since these incorporated code sections become invalid upon the substitution of "American Samoa" for "United States", it must next be determined whether the incorporation of the income averaging provisions are thereby invalidated, or alternatively, only the substitution. The incorporation section of the American Samoa code specifically incorporattes subtitle A, wherein lies subchapter Q, relating to income averaging (ASCA section 11.0403(a)). The Fono's intent is therefore clear. "American Samoa" is substituted for "United States" only where it is not clearly otherwise required. See ASCA section 11.0401. The substitution section has a built in limitation: substitution is not intended where to do so would render the incorporated statute constitutionally infirm. As such, the substitution yields and the incorporated statute remains as it appears.

Accordingly, it is manifest that any person who is a citizen or resident of the United States (including American Samoa) during the taxable year and the base period may income average on his Samoan tax return. This must be the law until the Fono codifies the government's intent by enacting a statute that restricts income averaging to persons who have resided and earned income in American Samoa for the entire base period, regardless of whether they are American Samoans, United States citizens, or both. In other words, if the Government of American Samoa wants to allow income averaging soley on the basis of income earned in the Territory, it should say so. The tax will then be imposed upon income rather than persons, without regard to their national status.

The court is aware that if the Fono chooses to enact such a statute, some persons will have a larger tax liability if they choose to move to American Samoa. However, so long as tax liability is equally imposed upon income, instead of arbitrarily or invidiously assigned to certain individuals, inadvertent and reasonably necessary discriminatory impact is constitutionally permissable. The government has considerable leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation:

> ...of course, the states, in the exercise of their taxing power, are subject to the requirements of the equal protection clause of the Fourteenth Amendment. But that clause imposes no iron rule of equality, prohibiting the flexibility

and variety that are appropriate to reasonable schemes of taxation." Lenhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 359, 35 L.Ed 2d 351, 355 (1973)

Plaintiff's motion for summary judgment is granted as set forth above. The tax division is ordered to promptly process Plaintiff's tax refund in accordance with the income averaging provisions of the tax code. Interest should be added pursuant to the applicable section of the code. Costs may not be assessed against the government in the absence of a statute (Rule 54 of Civil Procedure).